Filed 6/7/21  P. v. Barajas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE TITO BARAJAS,<br><br>    Defendant and Appellant. | C091418<br><br>(Super. Ct. No. 14F04814) |

Defendant Jose Tito Barajas appeals from his convictions for attempted murder, assault on an inmate, and possession of a sharp object by an inmate after he and another inmate repeatedly stabbed a third inmate while incarcerated at California State Prison, Sacramento.  Defendant contends the trial court committed judicial misconduct by reading a statement of the case to prospective jurors that improperly favored the prosecution.  Defendant also requests that we review the sealed transcript of the in

1

camera hearing on his *Pitchess*[1] motion to ensure the trial court properly followed appropriate procedures, and that we direct the trial court to correct clerical errors in the abstract of judgment.

We conclude defendant's judicial misconduct argument lacks merit. We have reviewed the trial court's in camera *Pitchess* proceedings and have found no error. We direct the trial court to correct a clerical error in the abstract of judgment and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the facts is not necessary to resolve the issues presented on appeal. It suffices to say that California Department of Corrections and Rehabilitation officers saw defendant and another inmate, Islander Madrigal, attacking a third inmate on the basketball court on the side yard at California State Prison, Sacramento. Defendant and Madrigal were making hitting motions towards the victim's face and torso area. An officer ordered the inmates to get down, and all did except defendant, Madrigal, and the victim. The victim was found lying in a pool of his own blood, and defendant and Madrigal were kneeling over him and stabbing him. An officer ordered defendant and Madrigal to drop their weapons, and each placed their inmate-manufactured weapons on the ground about a foot in front of them. Defendant had a knife sheath in his back pocket. The victim had been stabbed between 20 and 60 times.

There was no video of the stabbing. Defendant testified that he did not attack the victim; he asserted the two were friends, and he only attempted to help the victim after the assailants left.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

A jury found defendant guilty of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 664, 187, subd. (a), 1192.7, subd. (c); count one)[2] with an allegation defendant personally inflicted great bodily injury during the commission of the offense (§ 12022.7, subd. (a)), assault on an inmate with a deadly weapon and by means of force likely to cause great bodily injury (§ 4500; count two), and possession of a sharp instrument or dirk or dagger by an inmate (§ 4502, subd. (a); count three). In bifurcated proceedings, the trial court found true the allegation that defendant had five prior strike convictions. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

The court sentenced defendant to nine years to life on count two, tripled pursuant to the three strikes law, plus three years consecutive for the great bodily injury enhancement. The court sentenced defendant to 25 years to life on each of counts one and three, stayed pursuant to section 654.

Defendant timely appealed.

## DISCUSSION

### I

### *Judicial Misconduct*

Defendant contends the trial court violated his rights to a fair and impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution by providing a non-neutral statement of the case to prospective jurors. We disagree.

A. *Procedural Background*

On November 6, 2019, both parties filed trial briefs, which included statements of the facts of the case. Following a morning hearing, the trial court contacted the parties and reminded them to bring a neutral statement of the facts to the afternoon session. That same day, a neutral summary of the case was filed; the record does not reflect which

---

[2] Further undesignated statutory references are to the Penal Code.

party filed the summary. At the afternoon session, the prosecutor told the court that the neutral statement had been filed, and the court acknowledged receipt. The prosecutor stated: "Defense counsel and I both went over that and are both agreeable to that statement."

On November 12, after brief introductory remarks, the trial court read the following summary to the prospective jurors: "I want to give you a brief summary of the allegations in this case. These are just allegations. This is not evidence: [¶] On February 24th of 2014, Jose Barajas was an inmate at California State Prison Sacramento. On that date he was observed in a physical altercation involving two other inmates. [¶] The victim . . . was observed being struck in the head and upper torso area by the Defendant and another inmate, an inmate named Madrigal. They were also observed holding weapons while punching [the victim]. [¶] After being ordered to the ground by officers, the weapons were located approximately one foot in front of the Defendant and the inmate Madrigal. They appeared to be inmate-manufactured, and both were approximately four to five inches long, what we sometimes call dirks or daggers. [¶] The victim was taken to [University of California] Davis Medical Center. He was observed to have approximately 40 to 50 puncture wounds, along with other injuries. [¶] Mr. Barajas is charged with attempted murder and the infliction [of] great bodily injury and also assault with a deadly weapon, and infliction of great bodily injury. I emphasize, once again, that that is not evidence in the case. That is just a summary of the allegations in this case."

Defense counsel did not object to the statement as read by the trial court.

B. *Ineffective Assistance of Counsel*

The Attorney General contends defense counsel invited the error and forfeited this claim because defense counsel both agreed to the summary, provided to the court by the prosecutor, and failed to object to the statement when it was read to the prospective jurors.

4

We disagree defense counsel invited the error. The doctrine of invited error is not invoked unless counsel articulated a tactical basis for the choice. (See *People v. Watts* (1976) 59 Cal.App.3d 80, 85-86, fn. 2; *People v. Williams* (1971) 22 Cal.App.3d 34, 58 ["Obviously, defense counsel's request and agreement were not tactical ploys, the engagement in which would invoke the doctrine of invited error"].) While defense counsel did not object to the prosecutor's characterization of the statement as one agreed to by both parties, defense counsel did not articulate a tactical basis for the choice.

However, we agree with the Attorney General that defendant forfeited this argument by failing to object at trial and request an admonition. (*People v. Sturm* (2006) 37 Cal.4th 1218, 1237 [failure to object to judicial misconduct forfeits arguments on appeal].) There is nothing to suggest an admonition could not have cured any error, or that objecting to the statement would have been futile. (See *ibid.* [failure to object does not preclude review where objection and admonition could not cure the prejudice cause by the misconduct, or where objecting would have been futile].)

Anticipating this conclusion, defendant asserts that his counsel rendered ineffective assistance by failing to object to the statement. A defendant claiming ineffective assistance of counsel must show first, that his or her attorney's representation fell below an objective standard of reasonableness under the prevailing professional norms, and second, that there is a reasonable probability, sufficient to undermine confidence in the outcome, that the defendant would have obtained a more favorable result absent the error. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.)

"In determining whether counsel's performance was deficient, we exercise deferential scrutiny. [Citations.] The appellant must affirmatively show counsel's deficiency involved a crucial issue and cannot be explained on the basis of any knowledgeable choice of tactics. [Citation.] [¶] Our Supreme Court recently reiterated the obligations of appellate courts in reviewing claims of ineffective assistance of

5

counsel: ' " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." ' [Citation.] '[W]e accord great deference to counsel's tactical decisions' [citation], and we have explained that 'courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight' [citation]. 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.' " ' " (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1147.)

As we will explain, we conclude defense counsel did not fall below an objective standard of reasonableness because the statement did not improperly favor the prosecution.

C. *Analysis*

Defendant contends the trial court's summary of the case "was far from neutral," went beyond any valid purpose of advising the jury of the legal allegations against defendant, gave the prospective jury the prosecutor's view of the evidence, and was bound to precondition the prospective jurors to accept the prosecution's case.

Both parties rely on *People v. Sorrels* (2012) 208 Cal.App.4th 1155 (*Sorrels*), as modified on denial of reh'g (Sept. 18, 2012). There, the appellate court rejected the defendant's argument that the trial court erred by giving a detailed statement to the jury that favored the prosecution. (*Id.* at pp. 1162-1166.) The trial court in *Sorrels* began by explaining that its statement was intended to give the jury a general idea about what the case is about, but that its statement was not evidence and was not to be considered when deciding what happened. (*Id.* at p. 1162.) The court then specified that the statement was only what the prosecution contended had happened, before providing a detailed summary of the factual allegations. (*Id.* at pp. 1162-1163). The court then recognized that the defense disputed all of the prosecution's contentions, that the prosecution's contentions

6

are not evidence, and the defendant had no burden of proof but may introduce evidence to rebut the prosecution's contentions. (*Id.* at p. 1163.)

The *Sorrels* court provided its justification for allowing the trial court's statement: "The trial court's reading of a brief overview of the facts before conducting voir dire is commonplace in modern-day trial courts. In fact, judges are encouraged to give such statements to the juries for a number of reasons. First, it serves as a means of giving the jurors an introduction to the case. This assists both the court and the parties in their subsequent questioning of jurors to determine if the jurors have some previous knowledge of the facts of the case, live in the area where the crime occurred, know the victims, defendants or gangs involved, or have some affiliation with the responding police, governmental agencies, and businesses. Second, an overview of the facts in a case such as this may help a trial judge encourage jurors to serve, a not insignificant fact in the current environment where jurors will make every effort to avoid jury service. In addition, the statement also serves to introduce or remind jurors of important legal principles underlying a criminal case—that statements by the judge are not evidence, that the prosecution's contentions are not evidence, that the defense does not have to prove anything or produce any evidence, and the all-important burden on the prosecution to prove its case beyond a reasonable doubt.

"Indeed, the California Standards for Judicial Administration, section 4.30 (b)(8), directs a criminal trial judge during voir dire to inform the jury of the charges against a defendant, and the section of the Penal Code alleged to have been violated. Most importantly, the standard directs the trial judge to 'describe the offense[s].' (*Ibid.*, italics omitted.) Further, the trial judge is to inform the jury that 'the defendant has pleaded not guilty, and the jury will have to decide whether the defendant's guilt has been proved beyond a reasonable doubt.' (*Ibid.*)" (*Sorrels*, *supra*, 208 Cal.App.4th at p. 1164.)

7

Defendant asserts the trial court's statement here is distinguishable from the trial court's statement in *Sorrels* in two respects: (1) the trial court in *Sorrels* told the jury that the statement was merely the prosecution's contentions, which were not evidence, and that the defense disputed these contentions; and (2) the statement in *Sorrels* did not include defendant's name or present him as the perpetrator of the charged crimes.

We conclude that the statement in *Sorrels* is not materially distinguishable from the statement at issue here. The trial court specified at the beginning and at the end of its statement that the statement only included allegations against defendant and was not evidence. We recognize that the court did not specify that defendant disputed all of the prosecutor's allegations, but we consider that to be necessarily implied within the court's admonishment that its statement only reflects allegations, not evidence.

We also disagree with defendant that the statement here is distinguishable in any significant fashion from the one in *Sorrels* on the basis that the statement here specifically named the defendant as the person charged with stabbing the victim. As we stated *ante*, the trial court emphasized that the statement only included allegations and was not evidence. Moreover, we see no prejudice in naming defendant as the person accused of committing the crimes where, as here, defendant is the person present and on trial before the jury.

Further, after reading the statement, the trial court provided additional instructions to the jury regarding reasonable doubt. The court instructed the jury that its verdict must be based only on the evidence presented during the trial and to not take anything the court did or said during the trial as an indication of what it thought about the facts, the witnesses, or what the verdict should be. The court also instructed the jury that defendant pleaded not guilty to the charges, is presumed to be innocent, and that the prosecution must prove defendant's guilt beyond a reasonable doubt. We presume the jury followed these instructions. (*People v. Sandoval* (2015) 62 Cal.4th 394, 422.)

8

"The trial court has sound discretion to summarize the evidence with no limitations on its content or timing so long as it is 'accurate, temperate, nonargumentative, and scrupulously fair.' [Citation.]" (*Sorrels*, *supra*, 208 Cal.App.4th at p. 1165.) Defendant does not argue that the trial court misconstrued the facts, asserted that its statement constituted evidence, argued for conviction, or in any way attempted to influence the jury. Because we conclude the trial court's neutral statement was not improper, defense counsel's performance did not fall below an objective standard of reasonableness for failing to object to the statement's reading. Accordingly, counsel was not constitutionally ineffective for failing to object to the statement.

II

Pitchess *Motion*

Defendant asks us to conduct an independent review of the sealed records of the trial court's hearing on his *Pitchess* motion to obtain discovery of the relevant officer's personnel records. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1225-1226.) We have done so and find no error.

With a *Pitchess* motion, a criminal defendant can "compel discovery" of certain information in police officer personnel files. The defendant must first demonstrate good cause by making "general allegations which establish some cause for discovery" of the information and by showing how it would support a defense to the charge against him. (*Pitchess v. Superior Court*, *supra*, 11 Cal.3d at pp. 536-537; see Evid. Code, § 1043, subd. (b)(3).) If the trial court concludes good cause has been established, the custodian of the officer's records brings to court all the potentially relevant records and, in camera, the trial court determines whether any information from the records need be disclosed to the defense. (*People v. Mooc*, *supra*, 26 Cal.4th at p. 1226.)

We will not disturb a trial court's ruling on a *Pitchess* motion absent an abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039.) Having independently reviewed the sealed transcript of the *Pitchess* proceeding, we conclude the court followed proper *Pitchess* procedures and did not erroneously withhold any information. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 646-648.)

III

*Abstract of Judgment*

Defendant contends that the abstract of judgment requires correction for clerical error. The People agree in part. "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases [will order] correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Box 1 of the abstract correctly reflects that the court imposed a sentence on count two and stayed defendant's sentences on counts one and three pursuant to section 654. Box 2 of the abstract correctly reflects that the court imposed an enhancement of three years on count two pursuant to section 12022.7. However, box 5 is checked, which reflects that defendant was sentenced to a term of "life with the possibility of parole on counts 1-3." The parties agree that defendant was not sentenced to life with the possibility of parole on any count, and that box must be unchecked.

Boxes 6b and 6c are also checked, reflecting that defendant was sentenced to an indeterminate term of "25 years to Life on counts 1 & 3," and "27 years to Life on counts 2." Although defendant argues that the boxes should be unchecked as the sentences on counts 1 and 3 were stayed, those boxes accurately document the imposed sentences; the abstract properly reflects the stays where appropriate, in box 1. We disagree that correction is required here.

10

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment by unchecking box 5 as explained by this opinion and forward a certified copy thereof to the Department of Corrections and Rehabilitation.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Murray, Acting P. J.

_____/s/_____
Krause, J.